## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANDRE J. ELLIOTT BEY,[1]

    Plaintiff,

    v.

6th JUDICIAL CIRCUIT OF MARYLAND,

    Defendant.

Civil Action No.:  JKB-21-2818

### MEMORANDUM

This civil rights complaint was filed by plaintiff Andre J. Elliott Bey who is confined to Maryland Correctional Training Center ("MCTC").  Elliott moves to proceed in forma pauperis.  ECF 2.  For the reasons set forth below, Elliott's complaint will be dismissed, and his motion to proceed in forma pauperis will be denied.

Elliott states in his complaint that he is currently serving a sentence of life all suspended but 55 years for attempted first degree murder.  ECF 1 at 2.  The sentence was imposed by the Circuit Court for Montgomery County on April 30, 2010.  *Id.*  He states that "[i]n September, 2020, I learned through extensive research that the Circuit Court for Montgomery County is a Defacto [sic] General/limited Jurisdiction Court, not a Constitutional Court."  *Id.*  He complains that he made several requests "for Court officers to produce their oaths of office and bond information" and also asked "the Court to furnish a Copy of their Delegation of Authority" but did not receive the requested information.  *Id.*

Elliott alleges that the "officers of the Court/agents deliberately engaged in uninhibited fraud and malfeasance by intentionally misrepresenting the true nature of the Proceedings" and

---

[1]    The Clerk shall correct Plaintiff's name on the docket.

that the Court concealed the fact that it is "actually a Court of equity." ECF 1 at 2. He describes this alleged misrepresentation as "Prosecuting so-called criminal cases with the intent of selling the judgments." *Id.* Elliott then asserts that "[a]ll statutes and ordinances have a monetary value, which allows for 3rd Party institutional investment firms to purchase judgments, and subsequently convert them into investment securities and traffic them on the open market/public exchanges to monetize them for untold profits." *Id.* at 3. According to Elliott, in April of 2010, the Sixth Judicial Circuit of Maryland entered into an agreement with the Cincinnati Insurance Company "to assume the role of Surety and to pay the amount of judgment" on his behalf. *Id.* The remainder of the complaint concerns Elliott's allegations that this alleged surety was traded and sold on the open market. *Id.* at 3-4. Based on these allegations, Elliott claims he was denied due process in connection with his criminal trial and seeks release from incarceration, 2.5 million dollars in damages, and fifty million dollars in punitive damages. ECF 1 at 4.

Because Elliott is a prisoner his complaint is subject to screening under 28 U.S.C. §§ 1915A and 1915(e). Those sections require dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). Elliott's complaint is frivolous.

While complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, the instant complaint contains no claim that bears even a resemblance to a cognizable claim. The allegations appear to be the product of inventive, conspiratorial claims similar to those advanced by groups like the Sovereign Citizens who refuse to recognize the jurisdiction of State courts in matters such as criminal prosecutions. Here, Elliott points to no cognizable irregularity that might lead any person familiar with the law to the

conclusion that his attempted first-degree murder conviction was the result of a denial of his constitutional rights. The entire premise of his allegations – that the Circuit Court for Montgomery County, Maryland is not a legitimate court – is simply devoid of any basis in reality. The complaint must therefore be dismissed.

Elliott's motion to proceed in forma pauperis seeks waiver of the filing fee and, in addition, Elliott states that requiring an account statement from the prison is a violation of his right to due process. ECF 2. He claims that if this court orders a financial statement from the prison, as it is required to do under 28 U.S.C. § 1915(a)(2), it will be "a violation of Your Official Oath as a Public Servant." *Id.* Elliott's motion, like his complaint, is devoid of any basis in fact and is therefore denied.

Elliott is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 140 S. Ct. at 1724, *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (i) as frivolous or malicious and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

Dated this _5_ day of November, 2021.


FOR THE COURT:

James K. Bredar
Chief Judge

4